IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARLETTE and DENNIS MILLS
as Parents and Next Friend of
SCOTT MILLS, a Minor,

            Plaintiffs,

  vs.                                                        No. CIV 05-754 MV/LFG

CITY OF ALBUQUERQUE, a local public
governing body of the State of New Mexico,
OFFICER RUDY LLAMAS,
in his individual and official capacities,
DURHAM  D&M  LLC, a foreign corporation,
and DARLENE DOE, in her individual
and official capacities,

            Defendants.

**FINDINGS OF FACT AND RECOMMENDATION RE: SETTLEMENT
ON BEHALF OF MINOR PLAINTIFF SCOTT MILLS**[1]

      THIS MATTER is before the Court on an application for approval of a settlement between

Plaintiffs Arlette Mills and Dennis Mills, and Defendants Durham D&M LLC and Darlene Doe.

Court approval is necessary because of the presence of Scott Mills, who is a minor child.[2]  Having

---

[1] Parties were advised of their right to file objections to this report and recommendation within ten days, pursuant to 28 U.S.C. § 636(b)(1).  However, in order to expedite the approval of this settlement, counsel agreed at AN August 18, 2005 hearing that they had no objections to the Court's proposed findings and recommended disposition and would waive the ten-day period.

[2] The general rule is that the court must give approval to a settlement when minor children are involved.  The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself."  Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by* Montoya v. AKAL Sec., Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

heard the presentations of counsel at a hearing on August 18, 2005, along with the testimony of Arlette and Dennis Mills, the Court finds and concludes as follows.

**Findings**

1. On July 11, 2005, Plaintiffs Arlette, Dennis and Scott Mills filed a Complaint for Damages for Violation of Civil Rights and State Law Claims [Doc. 1]. In their complaint, Plaintiffs make the following allegations:

On May 5, 2005, Scott Mills was a 13-year-old seventh grade student at Taylor Middle School in Albuquerque, New Mexico, riding on a school bus operated by Defendant Durham D&M LLC and driven by Defendant Darlene "Doe." Scott, while sitting in his assigned seat, pulled out a container of "Tic Tacs" mints and offered them to students sitting nearby.

A short while later, the driver stopped the bus and ordered Scott and another boy to get off. A man standing at the bottom of the steps leading off the bus, later identified as Defendant Llamas, an off duty and out of uniform Albuquerque police officer, ordered Scott to turn around and pushed him against the side of the bus. Llamas ordered Scott to put his hands on his head, kicked Scott's legs apart, and searched him in full view of the bus driver, the children on the bus, and a sixth grade girl named "Marlena," who had also exited the bus and told Llamas that Scott had drugs in his Tic Tac bottle.

Plaintiffs assert that the bus driver asked Llamas to conduct the search, that she later told other students on the bus that Scott quit riding the bus because he "had something to hide," and that she otherwise failed to follow proper Albuqueruqe Public Schools bus transportation procedures in allowing Scott to be searched and humiliated. No drugs were found. Plaintiffs allege that Scott has suffered emotional distress as a result of the incident. They bring causes of action against Defendants

for unreasonable search and seizure and excessive force, as well as state law claims under the New Mexico Tort Claims Act, and common law claims for negligence and defamation. They seek compensatory and punitive damages and other relief.

2. Defendants have not yet filed Answers to the Complaint.

3. On August 4, 2005, the parties notified the Court that Plaintiffs reached a settlement of their claims against Durham D&M LLC and Darlene Doe. Defendant City of Albuquerque is not a party to that settlement. The parties stated at the August 18, 2005 hearing that they are not certain whether Darlene Doe is an employee of Durham D&M LLC; they believe she may be employed by the Albuquerque Public Schools. The parties will clarify this matter at a later date.

4. On August 15, 2005, the District Judge in this case referred this matter to the undersigned Magistrate Judge to conduct hearings and to recommend an ultimate disposition on the proposed settlement.

5. On August 18, 2005, the Court held a hearing on the parties' application for approval of the settlement. Present at the hearing were Plaintiffs Arlette Mills, Dennis Mills, and Scott Mills, and their attorney, Joan M. Waters; as well as Jerry A. Walz, counsel for Defendants Durham D&M LLC and Darlene Doe. David Nava, Assistant City Attorney, was present on behalf of Defendant City of Albuquerque.

6. At the hearing, Plaintiffs' counsel set forth the facts Plaintiffs were prepared to prove if the case were to go to trial. Ms. Waters outlined the terms of the settlement, as follows: Mr. Walz's clients agree to pay the Plaintiffs $8,000 in full settlement of all claims against them. The bus company also agrees to re-assign its employee, Darlene Doe, assuming that she is indeed an employee of Durham D&M LLC, to a bus route other than that of the Taylor Middle School. Ms. Waters told

the Court that she has been advised by the Defendants that this condition will be satisfied, regardless of the identity of Ms. Doe's employer.

7. Ms. Waters told the Court that she felt the settlement was fair, because although Scott suffered emotional distress as a result of the incident, he has not shown any signs of permanent psychological injury and has not been seen by a health care provider for any emotional or physical injury. No Guardian ad Litem was appointed, because the settlement is not large and the expense could not be justified; in addition, Ms. Waters stated that all parties are represented by experienced counsel, and they agree that the Court can determine whether the settlement is fair without the input of a Guardian ad Litem.

8. Ms. Waters further informed the Court that, of the settlement amount of $8,000, a total of $2,828.45 would be deducted as a contingent attorney fee. The parents will also reimburse themselves from the recovery for other amounts spent for up-front attorney fees and expenses, in the amount of $2,000. After these deductions, the remaining balance of $3,171.55 will go to the child.

9. Counsel stated that she had advised the parents of the requirements of Leyba v. Whitley, 118 N.M. 435, 882 P.2d 26 (Ct. App. 1994), *reversed on other grounds,* 120 N.M. 768, 907 P.2d 172 (1995), to the effect that their settlement on behalf of their minor child is the property of the child and can only be used for his benefit. Plaintiffs counsel told the Court that Scott's parents have established a savings account for Scott and will place the money in this account, to be used toward Scott's college education.

10. Mr. Walz advised the Court that, given the minimal intrusion to the child and lack of physical injuries, he felt the settlement was fair and in his clients' best interests.

11. Plaintiffs Arlette and Dennis Mills were sworn in as a witnesses. Under questioning by

the Court, they stated that they are the parents of Scott Mills. They said that they participated in the settlement negotiations with Mr. Walz. They were not under the influence of any alcohol, drugs, or other intoxicating substances at the time of the negotiations, or at the time of the hearing, that would interfere with their ability to understand the proceedings. They stated that they had the opportunity to confer with their attorney about the settlement, that Ms. Waters listened to their concerns and took their suggestions into account in the course of the settlement negotiations, and that they understand the terms of the agreement. No one threatened, coerced, or forced them to settle. They understand they have no obligation to settle but have the right to go trial and that if they did go to trial, they might recovery more money than the amount of the settlement or, on the other hand, they might recover nothing at all. Their attorney advised them that the settlement money belongs exclusively to their minor child, Scott, and they agree with their attorney as to how the money is to be handled.

11. The Mills testified further that their attorney discussed with them the kind and quality of evidence that they would have to present if they went to trial, and she discussed any affirmative defenses the Defendants would present. They understand the relative risks and benefits of going to trial. They stated they are satisfied with their attorney and have complaints about her services. They understand that they are dismissing with prejudice all claims they have brought or could have brought against Mr. Walz's clients, and that they cannot change their minds later and assert additional claims. They understand that emotional injuries sometimes improve and sometimes do not and that, if Scott's emotional distress worsens in the future, they will not have the option of coming back to court and asking for more damages.

12. Both parents stated that they think the settlement is fair, and they ask the Court to approve it. Mr. Walz did not have any examination of the witnesses.

**Conclusion of Law and Recommendation**

After consideration of the evidence, the presentations of counsel and the testimony of the witnesses, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and subject matter, and further concludes that this settlement is fair and reasonable and in Scott Mills' best interests, and that Scott's parents have made adequate provision for protection of the proceeds of the settlement for Scott's benefit. The Court further finds that Scott has been adequately represented by his parents, counsel, and the Court and that, given the small amount of the settlement, appointment of a Guardian ad Litem would not be in the child's best interests and is not necessary.

Therefore, the Court recommends that the settlement be approved and that the claims against Durham D&M LLC and Darlene Doe be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge